Albert HAYES, Plaintiff–Appellant,

v.

W. ROSSER, Individual, employed as a correctional officer; et al., Defendants–Appellees,

and

Sullivan, individual and official capacity (first name unknown), Defendant.

No. 09–56495.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 22, 2010.[*]

Filed Nov. 16, 2010.

Albert Hayes, Corcoran, CA, pro se.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne Antley, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: WALLACE, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

The district court did not clearly err by concluding that Albert Hayes· ("Hayes") still had administrative remedies available to him once he received a copy of the first-level response to his grievance. *See* Cal. Code Regs. tit. 15 § 3085(b). Accordingly, dismissal of his action for failure to exhaust administrative remedies was proper. *See Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003) (the proper remedy for non-exhaustion is dismissal without prejudice).

The district court did not abuse its discretion by denying Hayes's post-judgment motion to correct the docket. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993) (setting forth standard of review and requirements for reconsideration under Federal Rule of Civil Procedure 60(b)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.